UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KEITH LA-DALE PORTER                                                                      PLAINTIFF

VERSUS                                                           CIVIL ACTION NO. 1:16CV69-RHW

CHRISTOPHER WERNER et al                                                          DEFENDANTS

## ORDER GRANTING CITY OF GULFPORT'S MOTION TO DISMISS

Plaintiff Keith La-Dale Porter, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging unconstitutional conditions of confinement at the Gulfport Police Department's holding cells; (2) denial of medical care; and (3) malicious detainment.  Doc. [1] & [9].  Before the Court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by the City of Gulfport (City).  Doc. [25].  The City argues that it cannot be held liable under a theory of respondeat superior for the actions of its employees.  Furthermore, the City argues that Plaintiff failed to identify any custom or policy that gave rise to the alleged constitutional violations;  therefore, Plaintiff has failed to state a cause of action against it.  On July 18, 2016, Plaintiff filed a response to the motion to dismiss.  Doc. [30].  He did not assert any argument against the City's motion to dismiss at that time.  On December 13, 2016, the Court conducted a screening hearing.  Plaintiff testified under oath and admitted that he sued the City of Gulfport merely because it employed police officers whom he alleges violated his constitutional rights.  Doc. [76] at 41-42.

On December 19, 2016, Plaintiff filed a second response to the motion to dismiss.  Doc. [51].  Plaintiff asserted that Gulfport should be held liable because Defendant Detective Christopher Werner is an employee of the City of Gulfport.  He also argued that the City is

responsible for its employees training; that the detectives are not following its policies; and that the City was negligent in the hiring of untrained employees. The City filed a motion to strike Plaintiff's response and argued that it was an untimely and impermissible second response. Doc. [52]. The Court acknowledges that Plaintiff filed what appeared to be a first response to the City's motion to dismiss on July 18, 2016. *See* Doc. [30]. In this first response, Plaintiff did not address the basis for the City's motion to dismiss. Nevertheless, at the screening hearing on December 13, 2016, the Court allowed Plaintiff the opportunity to file an additional response. *See* Doc. [75] at 11. Accordingly, the City's motion to strike is denied.

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

To state a cause of action for municipal liability, Plaintiff must establish three elements: (1) an official policy, practice or custom; (2) the official policy must be linked to the constitutional violation; and (3) the official policy must reflect the municipality's deliberate indifference to the injury. *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002); *see also Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Plaintiff's primary argument

against the City is simply that it employed Defendants Christopher Werner and Stephen Stieler. *See* Doc. [75] at 41-42. This is an insufficient basis for finding liability against the City of Gulfport under § 1983. It is well established that under § 1983, a defendant may not be held liable for the unconstitutional conduct of its subordinates under a theory of *respondeat superior*. *See Kohler v. Englade*, 470 F.3d 1104, 1114-15 (5th Cir. 2006); *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). A governmental entity is not liable for constitutional violations committed by its employees unless those violations result directly from a custom or policy. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010). It is only when the execution of a government's policy or custom inflicts the injury that the government may be found liable. *Monell v. Dep't of Social Services*, 436 U.S. 658, 679-80 (1978). Moreover, there is considerable precedent calling into question whether a single alleged incident, such as that alleged by Plaintiff, could result in liability based on the training, hiring, or supervising of a defendant's employees. *See Board of County Comm. of Bryan County v. Brown*, 520 U.S. 397, 404 (1997); *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 381-85 (5th Cir. 2005). Finally, Porter simply has failed to identify a municipal custom or policy that resulted in his alleged constitutional deprivations. His complaint is completely devoid of such an allegation. In his second response to the motion to dismiss, he makes only vague references to unspecified policies. This is not sufficient to state a claim against the City of Gulfport.

Liberally construed Plaintiff's complaint also alleges that the City of Gulfport maintained unconstitutional conditions of confinement at the Gulfport Police Department's holding cells. Plaintiff alleges that while attempting to purchase drugs, he was robbed at gunpoint and stripped naked. Doc. [75] at 19-24, 30, 47. When arrested shortly after the robbery, he was wearing only

his boxer shorts and socks. *Id.* at 47-48. Plaintiff alleges that on the night that he was arrested, he was kept in an ice cold holding cell for several hours. Plaintiff eventually received a jumpsuit, but not until he was transferred from the Gulfport Police Department to the Harrison County Adult Detention Center (HCADC) approximately eight hours after his arrest. *Id.* at 34, 50. Plaintiff has remained in custody at the HCADC and is charged with being a felon in possession of a firearm stemming from this incident. *Id.* at 12, 14-15. At the time of his screening hearing, he indicated that he was not eligible for bond. *Id.* at 16.

For purposes of this motion, the Court assumes that Plaintiff was a pretrial detainee during the time in question. The Constitutional rights of a pretrial detainee flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). Constitutional challenges may be brought by a pretrial detainee under two alternative theories: as an attack on the "conditions of confinement" or as an "episodic act or omission". *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009). Any punishment of a pretrial detainee will run afoul of the Constitution. *Duvall v. Dallas County, Texas*, 631 F.3d 203, 206 (5th Cir. 2011). With respect to the City, Plaintiff's complaints of a cold holding cell appear to be in the nature of a condition-of-confinement claim. *See Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (recognizing "inadequate food, heating or sanitary conditions" as possible bases for conditions-of-confinement claim). The harm is caused by the unconstitutional condition itself. *Id.* If a condition of pretrial confinement is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment. *See Hare v. City of Corinth*, 74 F.3d 633, 640 (5th Cir. 1996); *Duvall*, 631 F.3d at 207. "Punishment" may be loosely defined as "a restriction or condition that

4

is not reasonably related to a legitimate goal-if it is arbitrary or purposeless". *Bell v. Wolfish*, 441 U.S. 520, 539 (1979).  "Reasonably related" means that the resolution is (1) rationally related to a legitimate governmental purpose, and (2) not excessive in relation to that purpose.  *Id.* at 561.  "[T]his test is deferential to jail rulemaking; it is in essence a rational basis test of the validity of jail rules." *Hare*, 74 F.3d at 646.

Pretrial detainees have a right to protection from extreme cold.  *See Palmer v. Johnson*, 193 F.3d 346, 352-53 (5th Cir. 1999)(finding in the Eight Amendment context that exposure to cold without adequate protection can state a claim for unconstitutional conditions of confinement); *Spencer v. Bouchard*, 449 F.3d 721, 728-29 (6th Cir. 2006)(pretrial detainee subjected to cold cell with leaking ceiling continuously for several months); *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997); *Murphy v. Walker*, 51 F.2d 714, 721 (7th Cir. 1995)(pretrial detainee kept in cell for a week and a half without bedding, clothes or heat in middle of November); *Bienvenu v. Beaureguard Parish Police Jury*, 705 F.2d 1457, 1460 (5th Cir. 1983).  The Seventh Circuit has provided some guidance in this matter.  *See Dixon*, 114 F.3d at 644.  Factors to consider include the severity of the cold; its duration; whether the prisoner had alternative means to protect himself from the cold; the adequacy of those alternative means; and whether the prisoner must endure other uncomfortable conditions in addition to the cold.  *Id.*

Based on Plaintiff's allegations and testimony, it appears that he remained in a holding cell for approximately six to eight hours on August 28-29, 2015.  Doc. [75] at 33-34, 51.  He was not provided a blanket or clothing by officers at the jail.  *Id.* at 32-34.  The Court takes judicial notice that it is hot and humid in South Mississippi in August.  Plaintiff conceded at the hearing that it was warm outside on the day of his arrest.  *Id.* at 32, 49.  Plaintiff complains that the air

5

conditioning was turned down too low in the holding cells. *Id.* at 32. He referred to the temperatures as "freezing", "ice cold", and "real cold". Doc. [1] at 6; Doc. [75] at 32, 34-35. Taking the Plaintiff's allegations as true, he was kept in a cold, steel and concrete cell for six to eight hours; wearing only boxer shorts and socks; without provision of a blanket or other clothing; and all the while suffering from head trauma. At the screening hearing, Plaintiff also testified that he beat on the window and told Defendant Werner that he "was freezing, because it was cold." According to Plaintiff, Werner responded "that if I told him what he wanted to hear on my interview, he would keep me upstairs where it was warm". Doc. [75] at 35.

      The Court finds that the City has a legitimate, non-punitive objective to run air conditioning in the police department holding cells during the sweltering month of August. Plaintiff only remained in the holding cell for a maximum of eight hours. *Compare Spencer*, 449 F.3d at 728-29 (pretrial detainee confined in cold cell for several months during fall and winter); *Murphy*, 51 F.3d at 721 (pretrial detainee kept in cell without heat for week-and-a-half in middle of November). Testimony at the screening hearing suggested that he was arrested some time after 11:00 pm, removed from a holding cell for an unspecified period of time to be interviewed, and eventually transferred to the Harrison County Adult Detention Center at approximately 7:00 am. Plaintiff's conclusory assertions that the temperatures were "ice cold" or "real cold" do not rise to the level of severity needed to state an unconstitutional condition of confinement, especially in light of the fact that his confinement occurred during what is typically the hottest part of the summer. *Compare Dixon*, 114 F.3d at 642 (inmate alleged cell temperatures of 40 degrees Fahrenheit); *Murphy*, 51 F.3d at 721 (confinement in mid-November in Illinois); *Del Raine v. Williford*, 32 F.3d 1024, 1031 (7th Cir. 1995)(no clothing, broken window, and wind

6

chill forty degrees below zero); *Henderson v. DeRobertis*, 940 F.2d 1055 (7th Cir. 1991)(malfunctioning heating system, broken window, sub-zero air temperature).  Nor does he allege any other unsanitary or hazardous conditions in the holding cell that would contribute to the alleged unconstitutionality of the conditions of his confinement.  *Compare Spencer*, 449 F.3d at 728-29 (cold cell with continuously leaking ceiling); *Foulds v. Corley*, 833 F.2d 52 (5th Cir. 1987)(inmate forced to sleep on floor with rats crawling over him); *Bienvenu*, 705 F.2d at 1460 (5th Cir. 1983)(cold, rainy, roach-infested jail cell equipped with inoperative, scum-encrusted washing and toilet facilities).  Based on the totality of the circumstances, the Court finds that the City's motion to dismiss should be granted.  Plaintiff's relatively brief confinement in an overly air-conditioned holding cell, without more, does not state a cause of action for an unconstitutional condition of confinement.

      IT IS THEREFORE ORDERED AND ADJUDGED that Defendant City of Gulfport's [25] Motion to Dismiss is GRANTED, and that the City of Gulfport is dismissed from this action with prejudice.

      IT IS FURTHER ORDERED that the City of Gulfport's [52] Motion to Strike is DENIED.

      SO ORDERED, this the 14th day of February, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE