UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KEITH LA-DALE PORTER                                                                    PLAINTIFF

VERSUS                                                           CIVIL ACTION NO. 1:16CV69-RHW

CHRISTOPHER WERNER et al                                                      DEFENDANTS

## ORDER GRANTING [86] MOTION FOR SUMMARY JUDGMENT

Plaintiff Keith La-Dale Porter, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C.

§ 1983 prisoner civil rights complaint alleging, among other things, inadequate medical care for

injuries sustained prior to his arrest on the evening of August 28, 2015.  The Court conducted a

screening hearing on December 13, 2016.  Doc. [75].  Defendant Correctional Medical

Associates, Inc. (CMA) has filed a motion for summary judgment.  Doc. [86].  With respect to

CMA, Plaintiff alleges that CMA employees were deliberately indifferent to Plaintiff's injuries.

Plaintiff countered CMA's motion for summary judgment with what he has titled as a motion to

dismiss.  Doc. [100].

CMA is the medical provider of health services for inmates at the Harrison County Adult

Detention Center (HCADC).  Doc. [86-1].  Plaintiff was transferred to HCADC on August 29,

2015, following his arrest and booking by the Gulfport Police Department.  Doc. [75] at 33-35.

Patricia Perkins conducted a medical questionnaire at the time of transfer.  Doc. [92] at 2-5.

Plaintiff's signature is on the intake form.  *Id.* at 3.  At the screening hearing, Plaintiff verified

that his signature is on the intake form.  Doc. [75] at 60-61.  According to the medical intake

information, Plaintiff did not exhibit any injuries at the time of his arrival at HCADC.  Doc. [92]

at 2- 3.  There is no indication in the medical records that Plaintiff submitted sick calls or

received any treatment for injuries to his head.  *See* Doc. [92].  At the screening hearing, Plaintiff testified that he sued CMA simply because it employs the nurses at HCADC.  Doc. [75] at 70-71.

<u>**Law and Analysis**</u>

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010).  Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion.  *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.  "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985).  Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

CMA is a private corporation providing medical care at HCADC. Nevertheless, it may be sued under § 1983 by a prisoner who has suffered an alleged constitutional injury. *See Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Section 1983 does not create supervisory or *respondeat superior* liability. *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 425 (5th Cir. 2006); *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). Although not subject to vicarious liability for the constitutional torts of its employees, a private corporation such as CMA may be held liable under § 1983 when an official policy or custom of the corporation causes, or is the moving force behind, the alleged deprivation of federal rights. *See Rouster v. County of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014); *Rice ex rel. Rice v. Correctional Medical Servs.*, 675 F.3d 650, 675 (7th Cir. 2012); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Based on Plaintiff's own testimony, his lawsuit against CMA is based on a theory of vicarious liability or *respondeat superior*. Plaintiff admitted that he sued CMA only because it employs the nurses at HCADC. Doc. [75] at 70-71. Such a theory fails to state a claim against CMA. Moreover, Plaintiff fails to identify a policy or custom that cause, or was the moving force, behind Plaintiff's alleged inadequate medical care.

In his response to CMA's motion for summary judgment, Plaintiff argues that Defendant CMA "failed to see the Plaintiff which resulted into a violation of the Plaintiff's constitutional rights by a delay in treatment of never seeing the Plaintiff". "Defendant" is a corporation. The corporation cannot examine or treat Plaintiff except through its employees. As explained above, the corporation cannot be held vicariously liable for the constitutional torts of its employees. Hence, Plaintiff's response fails to identify a genuine issue of material fact.

In his response, Plaintiff further asserts that CMA's failure to provide medical attention violated CMA's "Standard of Care" policy. Plaintiff's argument fails to identify a policy or

custom that was the moving force behind the alleged deliberate indifference to his medical condition. To the contrary, Plaintiff identifies a CMA policy to provide adequate care to inmates. If a CMA employee failed to follow CMA's own policy, and if the employee was thereby deliberately indifferent to Plaintiff's medical condition, then CMA still cannot be held vicariously liable for the constitutional tort of its employee.

Plaintiff alleges that the medical records provided in support of CMA's motion for summary judgment are void. He asserts that the records contain the wrong social security number and birth date, and that his signature was forged. For purposes of CMA's motion, the authenticity of the medical records is irrelevant. Plaintiff attempts to sue CMA on the basis of vicarious liability. He fails to identify or allege a custom or policy that was the moving force behind the constitutional violation. As such, Plaintiff's claims against CMA fail regardless of the authenticity of the medical records. Plaintiff simply fails to identify any wrongdoing on the part of CMA apart from the alleged conduct of CMA's employees.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant CMA's [86] Motion for Summary Judgment is GRANTED. Plaintiff's claims against Defendant Correctional Medical Associates, Inc. are hereby dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's [100] Motion to Dismiss is DENIED.

SO ORDERED AND ADJUDGED, this the 20th day of December, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE