UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KEITH LA-DALE PORTER                                                PLAINTIFF

VERSUS                                       CIVIL ACTION NO. 1:16CV69-RHW

CHRISTOPHER WERNER et al                                     DEFENDANTS

## ORDER DENYING MOTION TO APPEAL IFP

Plaintiff Keith La-Dale Porter, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint. The Court entered final judgment on March 20, 2018, dismissing Plaintiff's complaint as to all claims and all Defendants. Doc. [159]. Plaintiff filed a notice of appeal on April 5, 2018. Doc. [160]. On April 20, 2018, he then filed a motion to proceed *in forma pauperis* on appeal. Doc. [163].

A litigant who wishes to proceed with an appeal *in forma pauperis* must submit an affidavit stating that he is unable to pay the appellate fees, a certified copy of his trust fund account statement or institutional equivalent, and a statement of the issues that he intends to present on appeal. *See* 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1). At the time he filed his complaint, Plaintiff was housed at the Harrison County Adult Detention Center as a pre-trial detainee. Subsequently, Plaintiff has been moved to the custody of the Mississippi Department of Corrections (MDOC) at the South Mississippi Correctional Institution (SMCI). When he filed his motion for leave to appeal *in forma pauperis*, Plaintiff provided an affidavit of poverty; however, he failed to include a certified copy of his trust fund account statement from MDOC/SMCI. Accordingly, Plaintiff's application is incomplete.

Moreover, Plaintiff has failed to present a good faith, non-frivolous issue for appeal. "[A] federal court may refuse to certify an appeal for *in forma pauperis* status if it is not taken in good faith." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing 28 U.S.C. § 1915(a);

Fed. R. App. R. 24(a)). An appeal is taken in good faith if it presents an arguable issue on the merits and therefore is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Howard*, 707 F.2d at 219. The movant must demonstrate the existence of a non-frivolous issue for appeal. *See Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988). Plaintiff fails to demonstrate the existence of a non-frivolous issue for appeal. In his notice of appeal, Plaintiff merely states that he plans to appeal the dismissal of his complaint for "failure to exhaust administrative remedies prior to filing suit". Doc. [160] at 1. Plaintiff's lawsuit was *not* dismissed for failure to exhaust administrative remedies. Rather, the Court found there to be no genuine issue of material fact as to Plaintiff's claims. *See* Doc. [158]. In his motion to proceed *in forma pauperis*, Plaintiff fails to articulate any basis whatsoever for his appeal. Based on the findings and conclusions set forth in the Court's Memorandum Opinion and Order entered March 20, 2018, the Court concludes that Plaintiff fails to present a non-frivolous issue for appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 n. 21 (5th Cir. 1997) (to comply with Rule 24 and to inform the Court of Appeals of the reasons for its certification, a district court may incorporate by reference its order dismissing an appellant's claims). Accordingly, the Court finds that Plaintiff's motion to proceed *in forma pauperis* on appeal should be denied.

Although this Court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), Plaintiff may challenge this Court's denial of his Motion pursuant to Fed. R. App. P. 24(a)(5), **by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order.** *See also Baugh*, 117 F.3d 197. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if Plaintiff moves to proceed on appeal IFP, the prison authorities will be directed to collect the fees as calculated in this order.

If Plaintiff files a separate motion to proceed IFP on appeal with the Clerk for the Fifth Circuit, he will be assessed an initial partial fee of 20% of the greater of (1) the average monthly deposits to his account or (2) the average monthly balance in his account for the six-month period immediately preceding his April 5, 2018, notice of appeal.  The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

Thereafter, Plaintiff shall pay the balance of the appeal fee, in periodic installments. Plaintiff is required to make payments of 20% of the preceding month's income credited to Plaintiff's prison account until Plaintiff has paid the total appeal fee of $505.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court, 501 E. Court Street, Suite 2.500, Jackson, Mississippi 39225.  If Plaintiff moves to proceed on appeal IFP, the clerk shall mail a copy of this order to Premier Supply Link for MDOC Inmate Accounts, P.O. Box 97538, Pearl, Mississippi 39288, or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [163] Motion for Leave to Appeal *In Forma Pauperis* is DENIED.

SO ORDERED AND ADJUDGED, this the 29th day of May, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE